## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT WINCHESTER

ISAAC S. KNOTT, )
)
      Plaintiff, )
)
v. )     Case No. 4:25-cv-00035-CEA-CHS
)
BETH BOWEN *et al.*, )
)
      Defendants. )

### REPORT AND RECOMMENDATION

### I.     Introduction

Plaintiff Isaac S. Knott alleges violations of his legal rights by various employees of the Tennessee Department of Children's Services ("DCS"). [Doc. 2]. Plaintiff, *pro se*, is proceeding *in forma pauperis* in this action. [Doc. 8]. This Court has the responsibility to screen all actions filed by plaintiffs proceeding *in forma pauperis*—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A and 1915(e)(2). In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

### II.     Background

Plaintiff filed his Complaint on July 1, 2025, alleging "Discrimination OVERALL!!!," "Violation of Due Process," "Violation of Parental Rights," "Breach of Ethical Standards," and "Violation of steps and procedures." [Doc. 2 at 12]. Plaintiff states on May 1, 2025, he went to the residence of Brandee Willis to visit his daughter. [*Id.* at 3]. While there, Plaintiff was briefly interviewed by Defendant Beth Bowen, a case manager for DCS. [*Id.* at 6, 35]. Eventually, Plaintiff

became subject to a no-contact order regarding his daughter. [*Id.* at 7]. Plaintiff's prayer for relief states, "I would like for the courts to restore order in case [numbers] 2025-JV-1100 and 2025-JV-1098 by making DCS return the children in these cases."[1]

## III. Discussion

### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in its complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555 (cleaned up)). Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267,  270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id.*

---

[1] Plaintiff makes other requests for relief but all of them revolve around the actions of DCS and the outcomes of the state juvenile court cases.

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (brackets in original) (quoting *Twombly*, 550 U.S at 557). Rather, the factual content pleaded by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.      Analysis**

"The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). This doctrine applies "where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Id.* at 298-99 *see also Larry E. Parrish, P.C., v. Bennett*, 989 F.3d 452, 455 (6th Cir. 2021) ("[D]istrict courts may not consider cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (internal citation omitted).

Plaintiff requests that this Court change the outcome of two state juvenile court cases because he did not like the outcomes. Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to do so. *See e.g.*, *Zerod v. Caprathe*, 76 F. App'x 65 (6th Cir. 2003) (holding the district court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine to review a state judicial process). Therefore, Plaintiff's claims against the various employees of DCS will not survive screening.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby **RECOMMENDED**[2] that Plaintiff's claims be

**DISMISSED** for lack of subject matter jurisdiction.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).